Plaintiff's Name **Joseph A. Brown**
Inmate No. **04081-0017**
Address **P.O. Box 300, 3057 Easton Turnpike, Waymart, PA 18472**

FILED
HARRISBURG, PA

OCT 13 2017

IN THE UNITED STATES DISTRICT COURT
~~FOR~~ **For the Middle District of Pennsylvania**

**Joseph A. Brown**
(Name of Plaintiff)

vs.

1) **Matt Edinger;**
2) **M. Kemmerer;** 3) **C.O. Gilligan**
4) **(A.W. of Operations) Hussini**
5) **(Warden) David J. Ebbert**
(Names of all Defendants)

(Case Number) **"Imminent Danger" Based on Newly Discovered Evidence**

COMPLAINT

<u>Bivens</u> Action [403 U.S. 388 (1971)]

I. Previous Lawsuits (list all other previous or pending lawsuits on back of this form): **For Previous Lawsuits SEE back of form pg. 3.**

A. Have you brought any other lawsuits while a prisoner? Yes ✓ No __

B. If your answer to A is yes, how many? **3**
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff **Joseph A. Brown**

Defendants **C.O. Gilligan, C.O. Hess, C.O. Moyer, (PA) F. Alama**

2. Court (if Federal Court, give name of District; if State Court, give name of County)
**Middle District of Pennsylvania**

3. Docket Number **1:17-cv-1309 SHR-RM**   4. Assigned Judge **Rambo**

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
**Pending**

6. Filing date (approx.) **July 2017**   7. Disposition date (approx.) **Pending**

1

II.  **Exhaustion of Administrative Remedies**

    A.    Is there an inmate appeal or administrative remedy process available at your institution?

        Yes ✓ No ___

    B.    Have you filed an appeal or grievance concerning **ALL** of the facts contained in this complaint?

        Yes ✓ No ___

        If your answer is no, explain why not _____

    C.    Is the process completed?

        Yes ✓     If your answer is yes, briefly explain what happened at each level.

        At the BP-8 informal grievance level, no relief granted; At the BP-9 level, no relief granted; At the BP-10 level, no relief granted. At the BP-11 level, no relief granted. (See Exhibits D¹, D², D³, D⁴)

        No ___     If your answer is no, explain why not.

**NOTICE:**    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing suit, regardless of the relief offered by the process. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1999 (9th Cir. 2002). **Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you <u>must</u> exhaust the process before filing suit.** <u>Booth</u>, 532 U.S. at 734.

III. **Defendants**

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant 1) Matt Edinger is employed as Counslor at (USP) Lewisburg; 2400 Robert Miller dr., Lewisburg, PA 17837

B. Additional defendants 2) M. Kemerer, Senior Officer at (USP) Lewisburg; 2400 Robert Miller dr., Lewisburg, PA 17837. 3) C.O. Gilligan, Private at (USP) Lewisburg; 2400 Robert Miller dr., Lewisburg, PA 17837. 4) (A.W. of Operations) Hussini, at (USP) Lewisburg; 2400 Robert Miller dr., Lewisburg, PA 17837. (See Added Page)

IV. **Statement of Claim**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1) Based on newly discovered evidence that was found in another case (CV14-1133SHRJFS) the defendant M. Edinger has used systematic retaliation before against the plaintiff (see Exhibits A, B, C) and has again used a on-going campaign of systematic retaliation with this case. He also used an "abuse of discretion", deliberate indifference as a co-conspirator against the plaintiff for filing lawsuits and grievances against him and staff. He misused his position as intake coordinator, and acted in cahoots with the other defendants to retaliate against the plaintiff in a methodical and calculated plan to have the plaintiff harmed & injured again under his direction and guidance. As a result, he caused the plaintiff to suffer a very serious and traumatic eye and facial injury with numerous fractures and was hospitalized on Feb 4, 2016, after being assaulted by an inmate during an incident. (See Exhibit "E"). This incident was orchestrated in part by this defendant M. Edinger. See (Additional Page 3 Attached)

V. **Relief.**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

The Plaintiff ask for the court to schedule a jury trial for this case. The Plaintiff will be pursuing this case in the defendants individual and official capacity. The Plaintiff ask for a total sum of $300 million dollars in compensatory damages for injuries suffered, and for the mental and emotional injuries suffered. The Plaintiff also ask for the jury to assess punitive damages for the willful intent, wreckless endangerment, and malice inflicted and caused by the defendants to injure and harm. The Plaintiff also seeks a Preliminary Injunction, and a Temporary Restraining Order on the named defendants to stop retaliating on me, and don't come within 100 yards of the Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Date August 13, 2017    ~~July 17, 2017~~    Signature of Plaintiff  Joseph A. Brown

(Revised 2/15/2006)

Added page 3 part I.
Continued; III. Defendants.
B. Additional defendants: 5) David J. Ebbert, Warden at (USP) Lewisburg; 2400 Robert Miller drive, Lewisburg, PA 17837.

IV. Statement of Claim (continued)

2) Defendant M. Kemmer used a campaign of systematic retaliation, abuse of discretion, and deliberate indifference as a co-conspirator who acted as a prominent figure against the Plaintiff for filing lawsuits and grievances on him and staff. He acted in cahoots to help orchestrate with other defendants to retaliate in a methodical and calculated plan to have the Plaintiff further injured and harmed while under his guidance, direction, and supervision. And as a result, he caused the Plaintiff to suffer a very serious and traumatic eye and facial injury and was hospitalized on Feb 4, 2016, after being assaulted during an incident with an inmate.

3) Defendant C.O. Gilligan, while under the supervision, direction, and guidance of Senior Officer M. Kemmerer, failed and deliberately refused to alleviate and break-up a dispute and fight that was going on in his presence. His inactions to respond caused the Plaintiff to suffer a very serious eye and facial injury and be hospitalized. (See Exhibit F).

4) Defendant Hussini (A.W.) also participated in the campaign to systematically retaliate against the Plaintiff. (A.W.) Hussini failed in her duties when she used an abuse of discretion by authorizing the Plaintiff to be placed under the control, custody, care, direction, guidance, and supervision of M. Edinger, and M. Kemmerer while being fully aware of the pending lawsuits against both. Her action or inactions to monitor the situation provided the defendants the oppor-

Added page 3 part II.

(4) continued; -tunity to retaliate and cause the Plaintiff to be hospitalized with a very serious and traumatic eye and facial injuries on Feb 4, 2016. (See Exhibit   )

5) Defendant (Warden) David J. Ebbert, also participated in the campaign to systematically retaliate against the Plaintiff when he failed in his duties to properly train and monitor his staff of co-defendants. The Wardens failure to properly train and monitor his staff allowed them to use a campaign of systematic retaliation against the Plaintiff while under his supervision, care, and custody. His failure to train staff properly was a lack of supervision by him and caused the Plaintiff to suffer a very serious and traumatic eye, and facial injury, and was hospitalized after being assaulted by an inmate on Feb 4, 2016. (See Exhibit E)